UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARCY B.,

                Plaintiff,          **DECISION AND ORDER**

     v.                              1:24-CV-00170-EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## INTRODUCTION

Plaintiff Darcy B. ("Plaintiff") seeks attorneys' fees in the amount of $8,615.75 pursuant to 42 U.S.C. § 406(b). (Dkt. 11). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 12 at 1). For the reasons below, the Court grants Plaintiff's motion.

## BACKGROUND

On February 26, 2024, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). (Dkt. 1). On May 14, 2024, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further proceedings. (Dkt. 7).

By Stipulated Order filed on May 22, 2024, the Court approved payment of $1,029.00 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action and $405.00 in costs. (Dkt. 10).

- 1 -

On March 25, 2025, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $8,615.75 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 11-4 at 3).

On April 11, 2025, Plaintiff moved under 42 U.S.C. § 406(b) seeking $8,615.75 in attorneys' fees. (Dkt. 11). Plaintiff's counsel indicates that her firm was awarded the sum of $1,029.00 under the EAJA, which she will refund to Plaintiff. (Dkt. 11-1 at 3). The Commissioner filed a response on April 23, 2025. (Dkt. 12).

## DISCUSSION

### I.   Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). A presumption also applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award associated with Plaintiff's claim on March 25, 2025. (Dkt. 11-4 at 3). Plaintiff's counsel filed Plaintiff's application seventeen days later on April 11, 2025. (Dkt. 11). Accordingly, Plaintiff's application is timely.

## II.     The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

A fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  Thus, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether

there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Plaintiff's counsel seeks $8,615.75 and indicates that this amount is within the statutory 25 percent cap of the total amount of past-due benefits—$34,463.00—awarded by the Commissioner. (Dkt. 11-1 at 3; Dkt. 11-4 at 8). The Commissioner neither supports nor opposes counsel's request for $8,615.75. (Dkt. 12 at 1). Utilizing the factors set forth above, the Court finds that the amount counsel seeks is within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.

The Court also finds the requested fee amount reasonable under the particular circumstances of this case. Although it would result in a de facto hourly rate of $2,051.37 ($8,615.75 divided by 4.2 hours) (Dkt. 11-5), which is higher than the rates that have been traditionally approved by the courts in this Circuit and significantly greater than Plaintiff's counsel's normal hourly rate of $245.00 per hour (Dkt. 11-5), the Court finds that under the circumstances here, the requested fee would not be a windfall to counsel.[1]

In determining whether a requested fee is reasonable, "courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854; *see also Wells*, 907 F.2d at 371 (2d Cir. 1990) ("[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020

---

[1] Some courts in this Circuit have found a de facto hourly rate above $2,000.00 unreasonable warranting a reduction of the requested fee amount. *See Stewart v. Comm'r of Soc. Sec.*, No. 24-CV-03053 (OEM), 2025 WL 1207658, at *3 (E.D.N.Y. Apr. 26, 2025) (the effective hourly rate of $2,653.81 was unreasonable and was reduced to $1,750.00) (collecting cases); *Piccolo v. Kijakazi*, No. 23-CV-6165 (RPK), 2024 WL 5159439, at *2 (E.D.N.Y. Dec. 18, 2024) (the de facto hourly rate of $2,220.48 was reduced to $1,500.00 where counsel did not represent plaintiff at the administrative level and the case was resolved before the parties' briefing); *Susca v. O'Malley*, No. 20-CV-09592 (AT) (VF), 2024 WL 3905663, at *3-4 (S.D.N.Y. Aug. 1, 2024), *adopted*, No. 20 CIV. 9592 (AT) (VF), 2024 WL 3904797 (S.D.N.Y. Aug. 22, 2024) (the de facto hourly rate of $5,298.12 was reduced to $1,000.00 when counsel did not represent plaintiff at the administrate level and spent 10.8 hours on plaintiff's case in federal court) (collecting cases). These cases are distinguishable from the instant matter because Plaintiff's counsel's involvement in the case included her representation of Plaintiff at the administrative level. (Dkt. 3 at 44-81, 202-04).

WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) ("[I]t is inappropriate to exclusively rely on the de facto hourly rate, as both the Supreme Court and the Second Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b).").

Turning to considering the "windfall" factors, the Court recognizes that Plaintiff's counsel is an experienced practitioner in the field of Social Security Appeals, who resolved Plaintiff's matter in 4.2 hours, which led to reversal of the Commissioner's decision and remand of Plaintiff's application, ultimately resulting in a favorable decision. (Dkt. 11-1 at 11; Dkt. 11-3; Dkt. 11-5). As such, the Court finds that Plaintiff's counsel provided representation to Plaintiff efficiently, and such efficiency in successfully resolving Plaintiff's matter should not be penalized. *See Fields,* 24 F.4th at 854 ("It would be foolish to punish a firm for its efficiency and thereby encourage inefficiency."); *see also Thomas v. Comm'r of Soc. Sec. Admin.*, No. 23 Civ. 04642 (LJL) (GWG), 2024 WL 4942283, at *2 (S.D.N.Y. Dec. 3, 2024), *adopted*, No. 23-cv-04642 (LJL), 2024 WL 5168891 (S.D.N.Y. Dec. 19, 2024) (counsel acted with efficiency when he spent 2.7 hours on the matter before submitting any briefing); *Mannouris v. Comm'r of Soc. Sec.*, No. 20-CV-9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), *adopted*, No. 20 Civ. 9790 (AT), 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) (counsel should not be penalized for achieving a good result in an efficient manner spending 7.3 hours on plaintiff's case and stipulating to a remand before filing a legal brief).

As to the nature and length of the professional relationship with the claimant, although Plaintiff's counsel's representation of Plaintiff's interest in the instant matter was brief, she had previously represented Plaintiff on remand at the administrative level. (Dkt.

3 at 44-81, 202-04). Therefore, no reduction of the requested fee award is warranted based on this factor, nor is it warranted based on the third "windfall" factor because the Court finds no reason to believe that Plaintiff is dissatisfied with the outcome of counsel's representation. *See Fields*, 24 F.4th at 855 (Given that counsel "has achieved an excellent result in this case, . . . there is no reason to think [plaintiff] is dissatisfied.").

As to the uncertainly of the result, the Court recognizes that a swift resolution of a matter in early stages of the parties' litigation, particularly before they file their briefing, has warranted a reduction of fees by some courts within this Circuit. *See e.g., Stewart*, 2025 WL 1207658, at *3 ("The Government's willingness to stipulate to remand without briefing . . . , and the SSA's favorable determination on remand . . . suggests a higher level of certainty and thus weighs in favor of a downward departure from counsel's proposed fee award."); *Piccolo*, 2024 WL 5159439, at *2 ("[P]laintiff's case was favorably resolved before counsel filed any brief, with the agency agreeing to a remand. This outcome suggests a 'relative lack of uncertainty or difficulty.'") (citation omitted); *Thomas*, 2024 WL 4942283, at *3 (counsel's lack of effort to obtain the remand and the speed with which the remand was offered favored finding the requested fee was a windfall); *Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023) (plaintiff's case was less uncertain where the SSA stipulated to remand after the opening brief). But here, because her claim was denied multiple times at the agency level, the Court finds that the success of Plaintiff's claim was uncertain. *See Bass v. Kijakazi*, No. 16 Civ. 6721 (JCM), 2022 WL 1567700, at *5 (S.D.N.Y. May 18, 2022) ("in light of the multiple hearings and negative decisions issued in Plaintiff's case at the agency level, this result was

far from certain"). In arriving at this conclusion, the Court also recognizes, as the Second Circuit did in *Fields*, that "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do. 'In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.'" *Fields*, 24 F.4th at 855-56 (quoiting *Wells*, 907 F.2d at 371). Therefore, the Court finds that no reduction of the requested fee based on the last "windfall" factor is warranted.

Though certainly high, the effective hourly rate of $2,051.37 is not completely out of line with the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 n.10 (collecting cases with de facto hourly rates ranging from $1,289.06 to $2,100.00); *Fortier v. Comm'r of Soc. Sec.*, No. 17 Civ. 1969 (KMK) (AEK), 2024 WL 4264865, at *5 (S.D.N.Y. Aug. 13, 2024), *adopted*, No. 17-CV-1969 (KMK), 2025 WL 903681 (S.D.N.Y. Mar. 25, 2025) (an hourly rate of $2,052.58 was not a windfall); *Mannouris*, 2023 WL 9118792, at *4 (a de facto hourly rate of $1,918 was not a windfall even when counsel filed no legal brief and did not represent claimant at the administrative level); *Thomas*, 2024 WL 4942283, at *4 (a $2,000 per hour award was not so large in relation to the hours expended by counsel to warrant a reduction of fees); *Kazanjian v. Astrue*, No. 09 civ. 3678(BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (an hourly rate of $2,100.00 was not a windfall to counsel). Moreover, the Court is in part influenced by the total amount of the fee award—in other words, a total fee award of less than $10,000 in this case cannot be construed as "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

Accordingly, considering the extent and character of representation, Plaintiff's counsel's experience, and the absence of any significant delay in the proceedings caused by counsel, the requested fee award of $8,615.75 is reasonable and in line with awards generally approved in this District for similar work performed. The Court notes that counsel must return the previously received EAJA fee award of $1,029.00 to Plaintiff. (Dkt. 10). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 11) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $8,615.75; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $1,029.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 2, 2025
            Rochester, New York